REVENUE CABINET, COMMON-
WEALTH of KENTUCKY,
Appellant,

v.

PLASMA ALLIANCE, INC., Appellee.

No. 89–CA–000361–MR.

Court of Appeals of Kentucky.

Feb. 2, 1990.

As Modified April 11, 1990.

Case Ordered Published by
Court of Appeals April 13, 1990.

Rehearing Denied April 13, 1990.

Discretionary Review Denied
by Supreme Court
Sept. 19, 1990.

Douglas M. Dowell, Revenue Cabinet, Frankfort, for appellant.

William P. Curlin, Jr., John E. Pence, Hazelrigg and Cox, Frankfort, for appellee.

Before CLAYTON, DYCHE and HOWARD, JJ.

DYCHE, Judge.

Plasma Alliance, Inc., appellee herein, operates two plasmapheresis centers within the Commonwealth. The purpose of this process is the obtention of source plasma, which is used by facilities other than appellee for various medicinal uses, including the production of substances injected into the human body. Source plasma itself cannot, by federal regulation, be directly introduced into the human body without further processing. (*See* 21 C.F.R. §§ 640.60–640.-76).

Appellant, Revenue Cabinet, Commonwealth of Kentucky [hereinafter "Revenue"], conducted an audit of appellee for the period May 1, 1979 through March 31, 1985 resulting in a use tax assessment of over $250,000.00. KRS 139.310. The items of tangible personal property upon which the assessment was based were used in the collection and manufacture of source plasma. Plasma Alliance protested the assessment and, after appellant issued a final ruling upholding the assessment, appealed that final ruling to the Kentucky Board of Tax Appeals [hereinafter "KBTA"]. KRS 131.110; 131.340. Plasma Alliance alleged that the property which appellant was attempting to tax was exempt from taxation under 103 KAR 30:130 as "industrial materials and supplies being used or consumed in the manufacturing or processing of tangible personal property for *sale*," and 103 KAR 30:170 as "containers used in packaging products for *resale*." (Emphasis added.)

Appellant disagreed, arguing that the "blood shield statute," KRS 139.125, applies to Plasma Alliance's activities, making the plasmapheresis process a service rather than a sale of the source plasma; accordingly, Revenue argued the taxpayer could not avail itself of the above exemptions, both of which require *sales*. KRS 139.125 reads as follows:

> Procurement, processing or distribution of blood or human tissue deemed service and not sale.—The procurement, processing, distribution or use of whole blood, plasma, blood products, blood derivatives and other human tissues such as corneas, bones or organs for the purpose of injecting, transfusing or transplanting any of them into the human body is declared to be, for all purposes, the rendition of a service by every person participating therein and, whether or not any remuneration is paid therefor, is declared not to be a sale of such whole blood, plasma, blood products, blood derivatives or other tissues, for any purpose, subsequent to enactment of this section.

Appellee argued before KBTA, as it does here, that the above statute does not apply to source plasma, as it cannot be injected or transfused into the human body. The case was submitted on a set of stipulated facts and one deposition transcript. KBTA ruled in favor of appellee, as did the Franklin Circuit Court, on appeal from KBTA. KRS 131.370. Revenue now brings the matter to us. We reverse and remand.

The plain language of the statute (enacted to shield entities such as appellee from products liability claims) indicates to us that plasmapheresis and the distribution of source plasma is a service, *not* a sale. The statute sets out activities shielded: "procurement, processing, distribution or use"; substances shielded: "whole blood, plasma, blood products, blood derivatives and other human tissues"; and the purposes of the shielded substances: "for the purpose of injecting *any of them* into the human body." KRS 139.125 (emphasis added).

Admittedly, source plasma cannot, without further processing, be introduced into the human body; admittedly, also, the injection of parts of, and derivatives of, source plasma into the human body is a major purpose of plasmapheresis. We cannot allow the blood shield statute to be used as a tax-avoidance sword. The claimed exemptions do not apply.

The judgment of the Franklin Circuit Court is reversed and this action is remanded for entry of a judgment reinstating the final order of appellant on the assessment as amended in the parties' stipulations.

HOWARD, J., concurs.

CLAYTON, J., dissents.